UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CORYESHA DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-cv-305-RWS |
| | ) | |
| UNKNOWN LUNATTO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Coryesha Davis for leave to proceed in this civil action *in forma pauperis*. (Docket No. 2). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay the filing fee, and will therefore grant the motion. In addition, the Court will give plaintiff the opportunity to file an amended complaint.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that] are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must accept as true the allegations contained in the complaint, and give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). The tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## Discussion

Plaintiff seeks monetary relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that she is going through a "medical situation and the cop mace me in my eye." (Docket No. 1 at 3). Plaintiff then alleges that upon arrival at a jail, "more cop" verbally mistreated

her in an elevator and "the cops" tased her. *Id.* Plaintiff indicates that the wrongs alleged in the complaint are continuing to occur at the present time.

In setting forth her claims for relief, plaintiff fails to identify any defendant by name or set forth specific facts demonstrating any plausible claim for relief. Because plaintiff is proceeding *pro se* and *in forma pauperis*, the Court will allow her the opportunity to submit an amended complaint. Plaintiff is required to use a court-provided form, and she is required to follow Rules 8 and 10 of the Federal Rules of Civil Procedure. Plaintiff must type or legibly print the amended complaint. In the "Caption" section, plaintiff shall list the name of the defendant(s) she wishes to sue. In the "Statement of Claim" section, plaintiff shall start by typing or legibly printing the defendant's name and title, and under the name and title, she shall set forth in separate numbered paragraphs the allegations supporting her claim(s) as to that particular defendant, as well as the right(s) that she claims that particular defendant violated. The amended complaint must contain short and plain statements showing that plaintiff is entitled to relief, the allegations must be simple, concise, and direct, and the numbered paragraphs must each be limited to a single set of circumstances. Plaintiff must specify the capacity in which she intends to sue each defendant. Plaintiff's failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. Because the Court is allowing plaintiff to file an amended complaint, it will take no action as to the named defendants at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall submit an amended complaint in accordance with the instructions set forth herein no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form, and a copy of this Court's civil complaint form.

**If plaintiff fails to timely comply with this Order, the Court may dismiss this action, without prejudice and without further notice**.

Dated this 22nd day of February, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE