UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORYESHA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-cv-305-RWS |
| ) | |
| UNKNOWN LUNATTO, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of the file. This action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Background

Plaintiff, proceeding herein *pro se* and *in forma pauperis*, brought this action in this Court on January 27, 2017, naming Unknown Lunatto and "Department of Justice" as defendants. In the original complaint, plaintiff alleged in conclusory fashion that a "cop" wrongfully used mace against her, and other "cops" verbally mistreated her and tased her. (Docket No. 1 at 3). Upon initial review, the Court noted several defects in the complaint, including that plaintiff had failed to identify any defendant by name or allege any defendant's personal responsibility for the alleged wrongdoing. The Court also noted that the complaint wholly failed to set forth specific facts demonstrating any plausible claim for relief. In consideration of plaintiff's *pro se* status, the Court permitted plaintiff the opportunity to submit an amended complaint.

### The Amended Complaint

On February 27, 2017, plaintiff submitted an amended complaint, naming only "Department of Justice" as defendant. (Docket No. 3 at 1). Plaintiff identifies defendant's address as 200 North Tucker Boulevard in Saint Louis, which is the address of the Saint Louis

City Justice Center. (*Id.* at 2). Plaintiff alleges that she was subjected to harassment, discrimination and misconduct when she was arrested by "the Department of Justice" several times during the year 2016. (*Id.* at 3). Plaintiff alleges:

> A couple of example they had volated against me were not asking any question that might had lead me into a bad situation. [*sic*] Pepper spray in eye when having a medical condition. Taking me to jail when I had all nessary item to show eviden that I resident at place of resident. [*sic*]

(*Id.*)

Plaintiff states that she seeks monetary damages, but does not specify a particular amount.

## Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

When reviewing a pro se complaint under § 1915(e)(2), the Court must accept as true the allegations contained in the complaint, and give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282,

1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). The tenet that a court must accept a complaint's allegations as true is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

### Discussion

The amended complaint will be dismissed. While plaintiff names "Department of Justice" as defendant, she apparently intends to sue the Saint Louis City Justice Center. Relevant precedent establishes that a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis, AR.*, 974 F.2d 81, 82 (8th Cir. 1992). Therefore, plaintiff's claims against the Saint Louis City Justice Center fail as a matter of law. *See Ballard v. Missouri*, No. 4:13CV528 JAR, 2013 WL 1720966, at *3 (E.D. Mo. April 22, 2013) (holding that "[p]laintiff's claims against the City of St. Louis Department of Public Safety, the St. Louis County Justice Center, the City of St. Louis Justice Center, and MSI/Workhouse are legally frivolous because these defendants are not suable entities"); *see also Wallace v. St. Louis City Justice Ctr.*, No. 4:12CV2291 JAR, 2013 WL 3773971, at *2 (E.D. Mo. July 17, 2013) (dismissing claims against the St. Louis City Justice Center because it is not a suable entity). In addition, even if plaintiff had named the City of Saint Louis as defendant, the allegations in the complaint would fail to state a claim of municipal liability. "[I]t is well established 'that a municipality cannot be held liable on a respondeat superior theory, that is, solely because it employs a tortfeasor.'" *Johnson v. Douglas County Medical Dept.*, 725 F.3d 825, 828 (8th Cir. 2013) (*quoting Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214

(8th Cir. 2013)). Liability under § 1983 may attach to a municipality if the constitutional violation resulted from: (1) an official municipal policy, (2) an unofficial custom; or (3) a deliberately indifferent failure to train or supervise. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978); *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). In the case at bar, the amended complaint contains no such allegations. Finally, to the extent plaintiff can be understood to sue the United States Department of Justice for monetary damages, her claims are barred by the doctrine of sovereign immunity, *see Lane v. Pena*, 518 U.S. 187, 192 (1996); and she fails to state a claim under 42 U.S.C. § 1983 because the United States Department of Justice is not a state entity.

Accordingly,

**IT IS HEREBY ORDERED** that the amended complaint is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 28th day of February, 2017.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE